1  GARY S. HANN, pro se
   Adversary Plaintiff
2  yraqnnah@gmail.com
3  (175 Butterfield – NO MAIL!)
   P.O. Box 711
4  Cathedral City, CA 92235-0711
   734-480-4140
5

6

7

8
                    UNITED STATES BANKRUPTCY COURT
9
               CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE
10

11

12 IN RE HANN, GARY S.                    Case No. 6:14-bk-22067-MW

13         Debtor.

14                                        Chapter 7

15 ─────────────────────────────

16 GARY S. HANN,

17         PLAINTIFF,                     Adv. No. _____

18         VS.

   TERRENCE P. BRONSON, J. CEDRIC        COMPLAINT TO RECOVER MONEY AND
19 SIMPSON, KIRK W. TABBEY, RICHARD      FOR PRE-FILING DAMAGES TO
   E. CONLIN, JAMES A. FINK, FINK &      ACCRUE TO THE TRUSTEE
20 VALVO PLLC, UNIVERSITY OF
   MICHIGAN CREDIT UNION, KENNETH
21 C. BUTLER II, BUTLER, BUTLER &
   ROWSE-OBERLE PLLC, GENE               (STATUS CONFERENCE AND/OR
22 DEROSSETT, CLERK OF THE 14-A1         HEARING DATE TO BE SET BY
   AND A2 DISTRICT COURT, SYLVIA         SUMMONS)
23 WRIGHT,
24
           Defendants.
25
                                         JURY TRIAL DEMANDED
26

27

28                                    1

FILED

JUN 0 9 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

No Fee Required

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

Now comes Debtor and Adversary Plaintiff Gary S. Hann, who demands a jury trial and who deposes and says as follows:

BANKRUPTCY RULE 7008(a) and LBR 7008-1 STATEMENT

1.  This is a non-core proceeding and Debtor/Plaintiff Hann does not consent to entry of final orders or judgment by the Bankruptcy Court. Pursuant to the provisions of 28 U.S.C. Section 157, Hann continues his demand for a Jury Trial after pre-trial matters are concluded by this Bankruptcy Court.

JURISDICTIONAL STATEMENT

2.  Pursuant to 28 U.S.C. Section 1334(b), this Court has exclusive jurisdiction over this case which is related to Plaintiff's bankruptcy proceeding under Title 11 of the United States Code. Plaintiff Hann is seeking through several adversary proceedings to recover substantially more than his scheduled $10,587 exemption; all such excess funds would absolutely be a part of the Bankruptcy Estate and subject to distribution to legitimate Creditors by Trustee Anderson.

GENERAL ALLEGATIONS APPLICABLE THROUGHOUT

3.   The use of the term "Without Jurisdiction" herein means a knowing, on the settled record, facial failure of a Court and/or Judge to follow the longstanding laws and procedures of Michigan regarding the limits of their authority.

4.   Judges herein do not have immunity from tort liability under MCL 691.1407(5) because they were not acting within the scope of their judicial authority.  A Michigan Court and/or Judge is not immune from civil tort liability for its purported judicial actions or inactions lacking jurisdiction.

5.   A Michigan Court has initial jurisdiction only to determine the power delegated it, but never has the jurisdiction to grant itself jurisdiction in violation of the mandatory laws and procedures of the Court.

6.   A Michigan Court and/or Judge, or other governmental employee, is never protected from civil tort liability based on its discretionary or ministerial actions or inactions, irrespective of jurisdiction.

7.   Governmental employees herein do not have immunity from tort liability under MCL 691.1407(2) because they knew or should have known that they were not acting under the scope of their authority, and that their conduct constituted gross negligence

3

that was the proximate cause of the injury or damage to Plaintiff Hann.

8.    The use of the term "Gross Negligence" alleges the essential elements of same in Michigan, being 1) conduct or a failure to act; 2) that is so reckless; 3) that it demonstrates a substantial lack of concern for whether an injury will result.

9.    The use of the term "Void" herein with respect to any and all process, pleadings, hearings, orders, judgments, liens, and or attachments, etc., means that the Michigan Court and/or Judge lacked lawful authority and/or jurisdiction to rule in the matter.

10.    It is well settled that a void proceedings and actions may be challenged at any time and in any forum; the *Rooker-Feldman* Doctrine is inapplicable when no review is sought of the actual proceedings and actions, which were always void ab initio. Rather, affirmation of the obvious is sought from this Court, that the proceedings and actions were absolutely nonexistent under the law.

11.    The use of the term "Conspiracy" alleges all essential elements of civil conspiracy in Michigan, being 1) A concerted action; 2) by a combination of two or more persons; 3) to accomplish an unlawful purpose; 4) or a lawful purpose by unlawful means.

12.    The use of the term "Fraud" alleges all essential elements of civil fraud in Michigan, being 1) defendant made a

4

material representation; 2) the representation was false; 3) defendant knew that it was false when made or made it recklessly, as a positive assertion, without knowing of its truth; 4) defendant intended plaintiff to act upon the representation; 5) plaintiff acted in reliance on it and 6) plaintiff suffered injury as a result.

13.    The use of the term "Fraud on the Court" applies herein when the judicial machinery itself has been tainted, such as when an attorney, who is an officer of the court, is involved in the perpetration of a fraud or makes material misrepresentations to the court.    Fraud upon the court makes void the orders and judgments of that court.

14.    The use of the term "Slander of Title" alleges all essential elements of same, being a) There was a communication to a third party of; b) a false statement; c) derogatory to Counter-Plaintiff's title; d) with malice; and e) causing special damages.

15.    The use of the term "Intentional Infliction of Emotional Distress" alleges all essential elements of same, being (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant's conduct was the cause; (4) of plaintiff's severe emotional distress.

16.    The use of the term "Due Process" alleges violations of substantive and/or procedural due process under the Due Process

Clauses of the 5th and/or 14th Amendments, and of the Due Process

Clause of the Constitution of the State of Michigan.

17.   The use of the term "Abuse of Process" alleges all

essential elements of same in Michigan, being (1) an ulterior

purpose and (2) an act in the use of process which is improper in

the regular prosecution of the proceeding.

18.   The use of the term "Defamation" alleges the essential

elements of same in Michigan, being (1) a false and defamatory

statement concerning the plaintiff; (2) an unprivileged

communication to a third party; (3) fault amounting at least to

negligence on the part of the publisher; and (4) either

actionability of the statement irrespective of special harm

(defamation per se) or the existence of special harm caused by

publication.

19.   The use of the term "Tortious Interference with Contract"

alleges the essential elements of tortious interference with

advantageous business relationships or prospective economic

relations in Michigan, being (1) the existence of a valid business

relationship or expectancy; (2) knowledge of the relationship or

expectancy on the part of the interferer; (3) an intentional

interference causing a breach or termination of the relationship

or expectancy; and (4) resulting damage to the party whose

relationship or expectancy has been disrupted.

20.   The use of the term "Intrusion upon Seclusion", one of several invasion of privacy torts, alleges the essential elements of same, being 1) an intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, 2) the intrusion is highly offensive to a reasonable person, and 3) caused mental anguish or suffering.

21.   The use of the term "RICO" alleges all elements, including the requisite predicate act(s), of civil RICO (Racketeer Influenced and Corrupt Organization Act), being 1) a person who engages in 2) a pattern of racketeering activity 3) connected to the acquisition, establishment, conduct or control of an enterprise, as defined and permitted under 18 U.S.C. Sections 1961-1964.


RECITATION OF INDISPUTABLE FACTS

22.   The gravamen of all proceedings involving Defendant Bronson is that Bronson acted repeatedly, intentionally and defiantly without jurisdiction, despite a plethora of jurisdictional challenges which he completely ignored.

23.   In the matter of *Brown v. Hann*, Case No. DC2-10-2161-GC, Defendant Simpson scheduled a trial on 2/7/11.  Hann showed up but Brown did not; Defendant Simpson was mandated with the ministerial task of dismissing the action.

24.   Defendant Simpson do not do this, but rather recused himself for no reason other than to harm Hann by giving Brown an impermissible second bite at the apple at a later date.

25.   Hann repeatedly asked to inspect the file, but it is not kept available and he has been completely denied this mandatory right.

26.   At a status hearing on 6/17/11, Hann had written pre-trial motions including a jurisdictional challenge and discovery request in the file; these were completely and unlawfully ignored by the Defendant Bronson.

27.   Defendant Bronson ignored the file and the pleadings and asked a couple of informal questions of Brown, glanced at an unknown document, then within about two (2) minutes suddenly and appallingly pronounced judgment, calling this facially sham proceeding a "Trial".

28.   Nobody had been sworn, and Hann was denied any participation at all, not a single word or review of whatever evidence the Defendant Bronson considered or relied upon.   No exhibits were entered into evidence.

29.   Hann was denied the mandatory 28-day notice of trial, was denied any presentation of evidence, and was denied any input or cross examination or argument whatever.

30. Defendant Bronson apparently applied a wrongful law which was neither raised nor argued by Brown; thus the Court improperly and unlawfully acted as counsel and attorney for Brown.

31. Defendant Bronson continued to act as counsel and attorney for Carrie Brown by personally handwriting his judgment, an unlawful and prejudicial ministerial action.

32. Hann submitted a Motion for New Trial on July 7, 2011, since the previous proceeding was void ab initio for lack of fundamental due process, but this pleading has been ignored by Defendant Bronson.

33. In re the purported but lawfully void "*Hann v. Simpson*", Case No. DC2-11-724-GC, Defendant Hann handed papers entitled "Complaint" to the Defendant Clerk and to Defendant DeRossett on May 5, 2011.

34. There was no summons, no filing fee paid, no service or proof of service, and no petition for waiver of filing fees.

35. No clerk in Michigan has the lawful authority to accept "Complaint" papers under these conditions, but rather must return them to the submitting party for want of a summons or filing fee.

36. Between May 12 and July 29, 2011, according to his Affidavit, Defendant Fink conducted numerous and involved discussions, conferences and meetings with Defendants herein.

9

37.   The Court File has at least three (3) different Registers of Action, all with varying and/or seemingly fraudulent entries, so it is impossible to determine when the matter was supposedly "filed".  The original Register shows no Summons ever issued; two other subsequent Registers show fraudulently that a Summons either issued on 5/5/11 or 5/17/11!

38.   The Registers of Actions entries which are overtly fraudulent; that a Summons was issued.  All parties have admitted in writing that there was no Summons in the file; none was prepared or submitted by Hann as required for any filing.  Had the matter been lawfully filed on 5/5/11, a lawful Register of Actions would show a Summons issued that day and a filing fee was paid that day.

39.   On June 15, 2011, Plaintiff Hann submitted an Amended Complaint, removing his request for damages in tort.

40.   At a void Hearing on August 25, 2011, Defendant-Court Administrator DeRossett sat in, for no reason other than to oversee and intimidate Defendant Bronson into excoriating Plaintiff Hann.

41.   Plaintiff Hann told the Court he had not sued in tort, and that there was no Summons in the file.

42.   Defendant Fink later verified and agreed in subsequent pleading dated August 12, 2013 that Hann did not sue in tort.

43.   At the Hearing, Defendant Fink stated that "there was no summons issued.  The Defendants determined that rather than stand

10

on formality we would just get the case disposed of . . ." (Hearing

Transcript, Page 5).

44.   Such statement in open Court was a direct demand from

Defendants that Defendant Bronson break all law, statute and

constitution. Defendant Bronson complied, and began a long pattern

of overt defiance of the law with respect to Plaintiff Hann.

Defendant Fink stated in a later pleading dated August 12, 2013

that "Hann is correct that the non-jurisdictional procedure of MCR

2.102 was not followed", confirming that his initial demand for

lawlessness was in fact inflicted on Plaintiff Hann.

45.   Defendant Bronson replied to Defendant Fink that he had

read much Ex-Parte information and communications, and that Hann

was not permitted to sue in tort (Hann didn't), and that he would

immediately grant any sanctions requested by Defendant Fink.

46.   Defendant Bronson had not read or considered Hann's

purported "Complaint" or Hann's "Amended Complaint", or he would

have known that there was no damages sought in tort.

47.   In subsequent proceedings and pleadings, Plaintiff Hann

made crystal clear that no filing fee was paid in the matter;

Defendant Bronson even denied a later request by Plaintiff Hann

for waiver of fees and costs.

48.   In Fall of 2011, Plaintiff Hann developed an extremely

painful and serious case of Cervical Dystonia, diagnosed at the

11

University of Michigan Medical Center and requiring extensive and expensive treatment, at the precise time Defendants were making threats of liens and attachments and filing numerous complicated pleadings.

49.   Ironically, Plaintiff Hann was subsequently forced to pay statutory filing fees to file Motions such as a Motion for Periodic Payments.  Defendant Bronson has completely ignored that properly filed Motion for years, but always paid immediate and rapt attention to any and all petitions filed by Hann's adversaries.

50.   On or about January, 2013, Plaintiff Hann asked 14-A2 Court Window Clerk Tanya to inspect File No. DC2-11-724-GC, "Hann v. Simpson".  Plaintiff Hann asked Tanya why there was no Summons in the said file.  Tanya said that she would go back and ask Defendant-Judge Kirk W. Tabbey why there was no Summons in the file.  Tanya returned to the front window about two minutes later, and stated that "Judge Tabbey is ***very aware*** that there is no Summons in the file".  Defendant Fink admitted in a pleading date August 12, 2013, that Defendant Tabbey was fully aware that there was no Summons in the file.

51.   Plaintiff Hann then asked Tanya why the file even existed, when there was no summons and only a "dash" on the line indicating the amount of the filing fee paid.  Tanya answered that she did not know why the file existed when no filing fee had been paid.

12

Affidavit, Exhibit 1.

52. Defendants subsequently engaged in a litany of tyrannical actions or inactions, filing liens and attachments, searching Plaintiff Hann's safe deposit box, and taking or attempting to take anything and everything they could without notice or process.

53. At one point, Defendant Bronson, acting in the wholly improper and unlawful capacity of defense counsel, did appropriate and take a judgement against Defendant Sylvia Wright, Case No. 121C4781-SC, in favor of Hann for $1,800. Upon information and belief, Defendant Bronson entered a void order so taking, without notice or process of any kind. No subsequent notice, order or process has ever been served on Plaintiff Hann.

54. In *University of Michigan Credit Union v. Hann*, Case No. DC2-11-1753-GC, Defendant Bronson haled Hann into Court on May 17, 2012 without jurisdiction to do so; Defendant Bronson had personally performed the wrongful ministerial task of commanded a Hearing without any proof of service on Hann in the file.

55. At the unlawfully called Hearing, Hann repeatedly stated that he did not submit to the personal jurisdiction of the Court and objected vociferously to the entire proceeding.

56. Defendant Bronson, stepping away from his capacity as Judge, then demanded a Complaint and a Summons from counsel for

13

the UMCU and, acting fully as counsel for Plaintiff, did order Hann to be served with the said papers and process.

57.   Defendant Bronson didn't even care that the process was deficient in that the Summons had expired long before, on February 15, 2012.  Exhibit 2.

58.   The Court did not obtain personal jurisdiction, and venue was also subsequently challenged.

59.   Hann was under no obligation to attend any further "hearings" or "proceedings" under an expired summons, and notified the Court and counsel for UMCU a number of times in writing of their lack of personal jurisdiction.

60.   Defendant Bronson personally performed the wrongful ministerial task of scheduling a Hearing on October 17, 2013, despite that there was no Motion on file and no stated purpose.

61.   Despite Defendant Bronson's abject failure to establish personal jurisdiction, Hann filed a Motion, Affidavit and Order for Telephonic Connection at all Hearings on January 6, 2014; such was completely ignored by Defendant Bronson to this day.

62.   Neither Defendant Bronson, nor Defendants UMCU and counsel for UMCU, ever responded to the repeated jurisdictional challenges.

14

63.  Defendants continued on their merry way with various and sundry judgments, orders, liens and attachments, all without any basis whatever in the law.

64.  Throughout all proceedings involving Defendant Bronson, there is no actual evidence whatever, other than Bronson's conclusory and unsupported statements and conclusory denials of Hann's Motions, that Bronson ever read a single word of any pleading, request or process that Hann submitted to his Court.

65.  In all of the actions by Defendants, Defendants made extensive use of the U.S. Postal Mails, of the wired and wireless interstate telephone system, and of the nationwide Internet. Defendants additionally herein used office supplies and equipment, and vehicles, all produced and acquired through interstate commerce.  Defendants also reaped fees and salaries which were used to acquire goods and services produced and delivered through interstate commerce.


COUNT I – GROSS NEGLIGENCE IN THREE VOID PROCEEDINGS WITHOUT

JURISDICTION

66.  This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

15

67.   All physical Court files herein, being the matters of *Brown*, *Simpson* and the *University of Michigan Credit Union* ("*UMCU*"), were kept under the direct supervision of Defendants Clerk, DeRossett and Tabbey.

68.   Defendant Tabbey had an absolute ethical obligation not to supervise the void *Simpson* file involving himself, however, he instead declared through the Clerk that he kept the file and knew it intimately.   Affidavit, Exhibit 1.   Defendant Fink, in a pleading, has also affirmed that Defendant Tabbey was very familiar with the *Simpson* file with himself as a listed defendant.

69.   Scheduling of hearings for all three matters was directly managed and supervised by Defendant Bronson along with Defendants Clerk, DeRossett and Tabbey.

70.   All three matters were clearly lacking in jurisdiction; two on the face of the record, and in *Brown* because Defendant Bronson conducted a sham 2-minute "trial" in hostile defiance of the most rudimentary of due process.

71.   The lack of jurisdiction was indisputable; in all three matters such lack of jurisdiction would be instantly obvious to a first year law student.

72.   All parties were repeatedly notified in writing by Plaintiff Hann of the lack of jurisdiction in the three matters; no Defendants did anything but either mock or ignore Hann, or both.

73.   The promulgation of years of proceedings in the three absolutely void matters was grossly negligent by Defendants.

74.   Proceedings without jurisdiction are void ab initio; Plaintiff Hann has suffered greatly and at length from Defendant's gross negligence and seeks a minimum of $20,000 in compensatory damages and a minimum of $10,000 in punitive damages for each of the three void matters.


COUNT II - DENIAL OF ROUTINE MINISTERIAL COURT SERVICES AND
NEUTRALITY AFFORDED ALL OTHERS SIMILARLY SITUATED

75.   This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

76.   Defendant Simpson denied Hann a dismissal in *Brown v. Hann* when such dismissal is a ministerial task granted all others when the opposing party doesn't show up for a scheduled trial.

77.   Defendant Bronson has ignored a number of Hann's pleadings in the matters before him, constituting a complete denial of the ministerial tasks of monitoring and managing all proceedings assigned to him.

78.   Defendant Tabbey has not maintained the files in the matters of *Brown*, *Simpson* and *UMCU* available for inspection, a ministerial task.

79.   Defendant Tabbey has permitted at least three (3) different Registers of Action in the fraudulent file *Hann v. Simpson*, constituting a failed ministerial task to have one and only one official Register of Actions.

80.   Defendant Bronson did not schedule a hearing or notify Hann of his taking of $1,800 due Hann from Defendant Wright, a failure to perform a ministerial task.

81.   Defendant Bronson has routinely taken on the role of counsel for the party opposing Hann in the matters assigned to him, including preparing orders and failing to require service of pleadings on Hann, constituting a denial of the ministerial task of remaining neutral at all times.

82.   In the matter of *UMCU*, Defendant Bronson personally prepared a Discovery Request on behalf of UMCU, and completely ignored Hann's Answer and Countersuit, again completely failing to remain neutral as mandated by law.

83.   Defendant Bronson has scheduled and held hearings in Plaintiff Hann's matters assigned to him when there was no lawful or purposeful reason for the ministerial task of scheduling any hearing or in haling Plaintiff Hann into court.

84.   Defendant Bronson has completely and intentionally failed his ministerial task to read pleadings that Plaintiff Hann has made in matters assigned to him.

85.   Defendant Bronson even ignored Hann's Affidavit in support of his Motion for Telephonic Connection in the *UMCU* matter, and reached the wrongful conclusion that Hann lived closer to the Court than anyone involved!   Hann lived 2,100 miles away!   This constituted yet another miserably failed ministerial task.

86.   Not surprisingly, Bronson always succeeded marvelously at ministerial tasks involving parties in opposition to Hann, including but not limited to writing judgments and orders and scheduling unlawful hearings.

87.   These failed ministerial tasks were intentionally done or not done for the sole purpose of harming Plaintiff Hann, and the actions or inactions by Defendants did cause great and ongoing harm, damages and distress to Plaintiff Hann.

88.   Plaintiff Hann seeks a minimum of $1,500 in compensatory damages and an additional $1,500 in punitive damages for each wrongful ministerial or prejudicial action or inaction in the three matters.   Plaintiff's preliminary estimate of this total is about $30,000, but discovery could increase that amount.

89.   Plaintiff Hann additionally seeks the immediate return of the purloined $1,800 Wright Judgment proceeds with interest and costs, plus $5,000 in punitive damages for taking the funds and entering order and/or judgment without any notice or process.

COUNT III - CONSPIRACY TO DEFRAUD; FRAUD; FRAUD ON THE COURT BY OFFICERS OF THE COURT; DENIAL OF DUE PROCESS; ABUSE OF PROCESS; INTRUSION UPON SECLUSION; SLANDER OF TITLE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; DEFAMATION

90.   This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

91.   Defendant Tabbey has recently been suspended without pay by Michigan's Judicial Tenure Commission for three (3) months.

92.   Defendant Simpson has had a trial on a litany of serious charges by Michigan's Judicial Tenure Commission, his permanent removal from the bench has just been recommended due to major ethical transgressions including perjury.

93.   Defendant Bronson permitted Defendant Wright to lambast and berate Hann for several minutes at a routine hearing on or about 2012; no judge has the latitude or discretion to permit such a personal attack and harassment on another.   Plaintiff Hann was never allowed to reply or to say a single word of any kind.

94.   All actions or inactions described in Paragraphs 22-65 were done by Defendants in the complete absence of jurisdiction.

95.   All Defendants were repeatedly notified by Plaintiff Hann, in writing, of the fatal jurisdictional defects in the three matters.

20

96.   All Defendants knew, or certainly should have known, of the lack of jurisdiction in the three matters.

97.   Nevertheless, Defendants ignored Plaintiff Hann's polite and valiant pleadings and process, and forged blindly ahead with their lawless personal agendas.

98.   Plaintiff Hann reincorporates all elements of, and alleges all elements and facts of CONSPIRACY TO DEFRAUD; FRAUD; FRAUD ON THE COURT BY OFFICERS OF THE COURT; DENIAL OF DUE PROCESS; ABUSE OF PROCESS; INTRUSION UPON SECLUSION; SLANDER OF TITLE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and DEFAMATION against all Defendants.

99.   The actions or inactions and frauds upon the court by Defendants have intentionally subjected Plaintiff Hann:

   a) to massive public shame and ridicule;
   b) to great and ongoing physical and emotional distress and harm;
   c) to denial of any and all credit and a horrific credit rating, and to liens on his title to real estate;
   d) to the invasion of his bank account and safe deposit box; and
   e) to scorn and disdain within and without the judicial system.

100.   Plaintiff Hann has been greatly and continuously harmed by the multiple, intentional torts by Defendants in the three ongoing matters and has been forced into years of legal battles and seclusion simply to survive.

101.  For these heinous torts, Plaintiff Hann seeks a minimum of $5,000 in compensatory damages and a minimum of $2,000 in punitive damages from each of twelve (12) defendants herein, plus interest and costs.

COUNT IV - ABUSE OF PROCESS BY DEFENDANT BRONSON

102.  This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

103.  In particular, Plaintiff Hann reasserts the facts delineated in Paragraphs 54-57; Judge as process server for a party and Judge promulgating a long expired Summons upon a party.

104.  Plaintiff again alleges all elements of denial of due process and abuse of process against Defendant Bronson, set forth in Paragraphs 16-17, supra.

105.  In committing these unethical, wrongful and unlawful actions or inactions, Defendant Bronson did intentionally, willfully, and with sole purpose to speed the proceedings for his benefit alone, did intend great and continuing harm to Plaintiff Hann, and actually caused great and continuing harm to Plaintiff Hann.

106.  Plaintiff Hann seeks $5,000 in compensatory damages from Defendant Bronson for these wrongful actions or inactions,

22

and an additional $5,000 in punitive damages, plus interest and costs.

### COUNT V - CONSPIRACY TO CREATE BY FRAUD, AND THE ACTUAL FRAUDULENT CREATION OF, A VOID COURT FILE "*HANN v. SIMPSON*" BY OFFICERS OF THE COURT

107.  This Count fully incorporates by reference all previous allegations, Paragraphs 3-21, and statements of facts, Paragraphs 22-65, supra.

108.  Defendants Clerk, DeRossett, Tabbey, Simpson, Conlin, Fink and Fink & Valvo, all Officers of the Court, intentionally, willfully and with malicious intent, did conspire to create, and did actually create, a wholly unlawful and fraudulent Court file entitled "*Hann v. Simpson*".

109.  Court files are dated the day that all proper documents are supplied to the court.

110.  Here, in vivid contrast, it apparently took from May 5, 2011 to May 17, 2011, including multiple communications between the parties, to commit the hostile conspiracy and plan to defraud and to create the actual fraudulent Court file.

111.  The fraudulent file shows no filing fee ever paid or waived, and contains no Summons by the People of the State of Michigan.  It is a patently void file ab initio.

23

112.   Defendants have used this fraudulent file for years of sham hearings, process, orders, liens and attachments, with malicious and hostile intent against Plaintiff Hann.

113.   These malicious actions caused Plaintiff Hann great and continuing harm, including but not limited to physical and emotional distress, defamation, and assaults upon all of his assets.

114.   For the multiple, intentional, completely knowing and willful harms, Hann seeks a minimum of $50,000 in compensatory damages, and $25,000 in punitive damages, plus interest and costs.

COUNT VI – RICO CONSPIRACY AND ACTUAL RACKETEERING AND

CORRUPTION UNDER RICO BY DEFENDANTS BRONSON, DEROSSETT, CLERK

AND TABBEY

115.   This Count fully incorporates by reference all previous Allegations, Paragraphs 3-21, and Statements of Facts, Paragraphs 22-65, supra.

116.   Defendants Bronson, DeRossett, Clerk and Tabbey were fully in charge of the maintenance and management of the court files in *Brown, Simpson and UMCU*.

117.   Defendants had a duty to the People of the State of Michigan and to Plaintiff Hann to maintain and manage those files and matters in a lawful manner.

24

118.   Instead, Defendants conspired to engage in great and hostile harm to Plaintiff Hann through their multiple unlawful actions or inactions regarding the three matters delineated herein.

119.   Over a period of years, and with multiple notices and pleadings, Defendants instead engaged in a real and purposeful ongoing enterprise to harass and harm Plaintiff Hann in any and all manner possible including but not limited to the physical, emotional and financial destruction of Plaintiff Hann by entering a series of void orders and judgments.

120.   Defendants have more than fulfilled the predicate acts element of RICO delineated in Paragraph 21, supra.

121.   In promulgating the enterprise to ruin Plaintiff Hann, Defendants engaged in a plethora of brazen and fully corrupt actions or inactions between the years 2011 and 2015, some of which are described here, and many more to be brought to light through the discovery process.

122.   In particular, Defendant Bronson became a one man wrecking crew in his pursuit of the carefully organized enterprise to harm and destroy Plaintiff Hann physically, emotionally and financially.

123.   This vicious and unlawful enterprise caused great and continuing harm to Plaintiff Hann, constituting overt civil

violations of RICO, which is incorporated in 18 U.S.C. Sections 1961-1964.

124.  Plaintiff Hann seeks $15,000 in compensatory damages for their racketeering enterprise from each of Defendants Bronson, Clerk, DeRossett and Tabbey, for a total of $60,000, and the trebling of the said damages under RICO, for a total of $180,000.


RELIEF REQUESTED

125.  Debtor and Adversary Plaintiff Hann hereby requests that this Honorable Court forthwith find and order that Adversary Defendants:

a)  Have overtly violated Debtor Hann's rudimentary rights, and must pay Hann and/or Trustee Anderson compensatory and punitive damages of $475,800 plus interest and costs.

b)  Alternatively, that the Court supervise all pre-trial proceedings, and that Defendants submit to a jury trial for a determination of their lawful obligations to Debtor Hann, including but not limited to actual and punitive damages, plus interest and costs.

c)  If Alternative b), that a Status Conference be set for no earlier than September 21, 2015, due to extensive, longstanding travel commitments on the part of Plaintiff Hann.

26

PROOF OF SERVICE

126.   Today I, Gary S. Hann, personally served this
Pleading and Exhibits on the Clerk of the Court and on the
Chambers of Hon. Mark S. Wallace.


          Dated this 9th of June, 2015.

                                   _____
                                   Gary S. Hann, DEBTOR

# EXHIBIT

# 1

Date: March 28, 2013

## AFFIDAVIT OF GARY S. HANN

Now comes Gary S. Hann, who deposes and says that all of the following is true to the best of his information, knowledge and belief and that he is fully competent to testify thereto:

1.   On or about January, 2013, I asked 14-A2 Court Window Clerk Tanya to inspect File No. DC2-11-724-GC, "Hann v. Simpson".

2.   I asked Tanya why there was no Summons in the said file.

3.   Tanya said that she would go back and ask Judge Kirk W. Tabbey why there was no Summons in the file.  Judge Tabbey is a Defendant in the said matter, for declaratory and injunctive relief but not in tort.

4.   Tanya returned to the front window about two minutes later, and stated that "Judge Tabbey is **_very aware_** that there is no Summons in the file".

5.   I then asked Tanya why the file even existed, when there was no summons and only a "dash" on the line indicating the amount of the filing fee paid.

6.   Tanya answered that she did not know why the file existed when no filing fee had been paid.  There was no signed Order for Waiver of Fees and Costs.

7.   When I returned for a re-inspection of the same file on or about February, 2013, Tanya removed materials from the file before letting me inspect the file.

1

8.  On March 15, 2013, I personally delivered letters to Window Clerk Tanya for Defendant/Judge Tabbey, for current 14-A2 Court Administrator Bob Ciolek, and for current 14-A2 Court Clerk Georgia Brunson.

9.  Tanya refused to sign for the letters, but did time stamp my letter copy and the copies for all of the addressees.

Further, affiant sayeth not.

IN WITNESS WHEREOF, Gary S, Hann has hereunto set his hand and seal this ___28 TH___ day of ___MARCH___, 2013.

_____
Gary S. Hann

STATE OF MICHIGAN      )
                       )   ss.
COUNTY OF WASHTENAW    )

    The foregoing statement was acknowledged and sworn before me this __28th__ day of __March__, 2013 by Gary S. Hann, on behalf of the action herein described.

_____
Notary Public
___Washtenaw___ County, Michigan
My commission expires: __9/2/2018__

LORETTA M BOUSE
Notary Public - Michigan
Washtenaw County
My Commission Expires Sep 2, 2018
Acting in the County of _____

Name:
Address:
Phone:

# EXHIBIT

# 2

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| 14A-2 JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | DC2-11-1753 GC |

**Court address** 415 W MICHIGAN AVE
YPSILANTI, MI 48197

**Court telephone no.**
734-484-6690

**Plaintiff name(s), address(es), and telephone no(s).**
UNIVERSITY OF MICHIGAN CREDIT UNION
P.O. BOX 7850
ANN ARBOR, MI 48107

v

**Defendant name(s), address(es), and telephone no(s).**
GARY HANN
110 BELL ST.
YPSILANTI, MI 48197

**Plaintiff attorney, bar no., address, and telephone no.**
Kenneth C. Butler II, P28477
24525 Harper Ave., Suite 2
St. Clair Shores, MI 48080
586-777-0770

**SUMMONS** | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 11/16/11 | 02/15/12 | Myr Reid |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| P.O. BOX 7850, ANN ARBOR, MI 48107 | 110 BELL ST., YPSILANTI, MI 48197 |

Place where action arose or business conducted
P.O. BOX 7850, ANN ARBOR, MI 48107

**October 20, 2011**
Date

Signature of attorney/plaintiff  Kenneth C. Butler II       P28477

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/06)  **SUMMONS AND COMPLAINT**      MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>*GARY S. HANN* | DEFENDANTS *TERRANCE P. BRANSON, J. CEDRIC SIMPSON, KIRK W TABBEY, RICHARD E. CONLIN, JAMES A. FINK, FINK+VALVO PLLC UNIVERSITY OF MICHIGAN CREDIT UNION, KENNETH CLOUTIER II BUTLER BUTLER FOWLER+JACKLE PLLC GENE DEROSSETT CLERK OF THE 14A-1 AND 14-2 DISTRICT COURT, SYLVIA WRIGHT* |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>*PRO SE* | ATTORNEYS (If Known)<br>*UNKNOWN* |
| PARTY (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*COMPLAINT TO RECOVER MONEY AND FOR PRE-PETITION DAMAGES TO ACCRUE TO THE TRUSTEE.*
*28 U.S.C. SECTIONS 157; 1334 (b)*
*18 U.S.C. SECTIONS 1961-1964.*
*USCA CONST. AMENDS 5; 14.*

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☒ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>(continued next column) | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ *475,800* |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR <br> *GARY S. HANN* | BANKRUPTCY CASE NO. <br> *6:14-bk-22067-MW* | |
| DISTRICT IN WHICH CASE IS PENDING <br> *CENTRAL DISTRICT OF CALIFORNIA* | DIVISION OFFICE <br> *RIVERSIDE* | NAME OF JUDGE <br> *WALLACE* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE <br> *JUNE 9, 2015* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> *GARY S. HANN* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.